# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JASON T. PROCKNOW,

        Petitioner,

v.                                          Case No. 06-C-0534

PHIL KINGSTON,

        Respondent.

## ORDER

On May 1, 2006, Jason T. Procknow filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of federal law. Petitioner pled no contest in Eau Claire County Circuit Court to one count of forgery, contrary to Wis. Stat. § 943.38(2), and one count of eluding an officer, contrary to Wis. Stat. § 346.04(3), and was sentenced to five years imprisonment followed by six years extended supervision. Petitioner did not appeal his conviction and sentence. He did, however, file a motion for post-conviction modification of the sentence, which the Circuit Court denied. The Wisconsin Court of Appeals affirmed the denial of petitioner's post-conviction motion, and the Wisconsin Supreme Court denied review. Petitioner is currently incarcerated at Waupun Correctional Institution.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

This court may grant a habeas petition only if petitioner demonstrates that the adjudication of his case in state court

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1). A state court decision is "contrary to" established Supreme Court precedent when the court applies a rule different from governing Supreme Court cases or confronts a set of facts that is materially indistinguishable from those of a Supreme Court decision and arrives at a different conclusion. *Williams v. Taylor,* 529 U.S. 362 (2000). If the case involves an "unreasonable application" of Supreme Court precedent, this court must defer to reasonable state court decisions and cannot grant the writ unless the state court's decision was objectively unreasonable. *Bell v. Cone*, 535 U.S. 685, 694 (2002).

Petitioner makes two claims. The first is that the state courts erred in denying his motion for post-conviction relief in the form of a reduced sentence. The alleged grounds for a sentence reduction are petitioner's diagnosis with and successful treatment for bipolar disorder while in prison. Petitioner does not claim that he was not guilty of the crimes for which he was imprisoned by reason of insanity. Nor does he claim that he was incompetent to stand trial at the time of his

2

no-contest plea. Rather, he claims that in light of his diagnosis "the sentence undermines the purpose of the court's sentence."

Nothing in the Constitution or federal law entitles petitioner to have his sentence reduced because he has been cured of bipolar disorder. As the Wisconsin Court of Appeals noted, "[p]ost-sentencing rehabilitation is not a new factor because it does not frustrate the purpose of the initial sentence. Indeed, trial courts sentence a defendant with the hope that rehabilitation will occur." *State v. Procknow*, 2005 WI App 88, ¶ 4, 281 Wis. 2d 272, ¶ 4, 695 N.W.2d 904, ¶ 4. Because the state courts' rejection of petitioner's motion for a reduced sentence was not contrary to clearly established federal law, his first claim fails on the merits.

Petitioner also argues that his no-contest plea was not knowing and intelligent. Petitioner did not raise this issue in the state courts, either on direct appeal or in his motion for post-conviction relief. Because he has not exhausted his state remedies with respect to this issue, he cannot raise it in this court. *See* 28 U.S.C. § 2254(b)(1); *Rose v. Lundy*, 455 U.S. 509 (1982); *Cruz v. Warden of Dwight Correctional Ctr.*, 907 F.2d 665, 667 (7th Cir. 1990).

**THEREFORE, IT IS ORDERED** that this petition is summarily dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases. The clerk of court shall enter judgment accordingly.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated this   24th   day of May, 2006.

                                                   s/ William C. Griesbach
                                                  William C. Griesbach
                                                  United States District Judge